IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EMSAT ADVANCED GEO-LOCATION TECHNOLOGY, LLC<br><br>and<br><br>LOCATION BASED SERVICES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>METROPCS COMMUNICATIONS, INC., METROPCS WIRELESS, INC., CENTENNIAL COMMUNICATIONS CORP., LEAP WIRELESS INTERNATIONAL, INC., CRICKET COMMUNICATIONS, INC., ETEX TELEPHONE COOPERATIVE INC., and ETEX COMMUNICATIONS, L.P.,<br><br>Defendants. | CIVIL ACTION NO. 2:08cv381<br><br>**JURY TRIAL DEMANDED** |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiffs EMSAT Advanced Geo-Location Technology, LLC ("Emsat") and Location Based Services LLC ("LBS") file this Original Complaint against the above-named Defendants, alleging as follows:

## **THE PARTIES**

1. Plaintiff Emsat is a limited liability company organized and existing under the laws of the State of Nevada with its principal place of business located at 101 Southbend Court, Loveland, Ohio.

1

2. Plaintiff LBS is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 500 Newport Center Drive, Newport Beach, California.

3. Defendant MetroPCS Communications, Inc. is a Delaware corporation with its principal place of business at 2250 Lakeside Boulevard, Richardson, Texas and can be served with process through its Chief Executive Officer, Roger D. Linquist, 2250 Lakeside Boulevard, Richardson, Texas 75082. Defendant MetroPCS Wireless, Inc. is a subsidiary of MetroPCS Communications, Inc. and is a Delaware corporation with its principal place of business at 8144 Walnut Hill Ln., Suite 800, Dallas, Texas 75231. MetroPCS Wireless, Inc. can be served with process through its registered agent, Corporation Services Company, 701 Brazos, Suite 1050, Austin, Texas 78701. Defendants MetroPCS Communications, Inc. and MetroPCS Wireless, Inc. are referred to collectively herein as "MetroPCS."

4. Defendant Centennial Communications Corp. ("Centennial") is a Delaware corporation with its principal place of business at 3349 Route 138, Wall, New Jersey 07719. Centennial can be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

5. Defendant Leap Wireless International, Inc. ("Leap Wireless") is a Delaware corporation with its principal place of business at 10307 Pacific Center Court, San Diego, California 92121. Leap Wireless can be served with process through its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

6. Defendant Cricket Communications, Inc. ("Cricket") is a Delaware corporation with its principal place of business at 10307 Pacific Center Court, San Diego, California 92121.

Cricket can be served with process through its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, Texas 78701.  Defendant Cricket is a subsidiary of Defendant Leap Wireless.

7.     Defendant ETEX Telephone Cooperative Inc. is a Texas corporation with its principal place of business at 801 Highway 155 North, P.O. Box 130, Gilmer, Texas 75644.  Defendant ETEX Communications, L.P. is a subsidiary of ETEX Telephone Cooperative Inc. and maintains its principal place of business at 801 Highway 155 North, P.O. Box 130, Gilmer, Texas 75644.  Defendants ETEX Telephone Cooperative Inc. and ETEX Communications, L.P. (collectively, "ETEX") can each be served with process through its registered agent, Danny N. Kellar, 801 Highway 155 North, P.O. Box 130, Gilmer, Texas 75644.

## JURISDICTION AND VENUE

8.     This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a).

9.     The Court has personal jurisdiction over each Defendant, and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Each Defendant has substantial contacts with the forum as a result of pervasive business activities conducted within the State of Texas and within this District, including but not limited to: (i) the marketing, sale and distribution of cellular telephones; (ii) the marketing and sale of services for cellular telephone communications; (iii) the ownership and operation of stores where Defendants sell their respective products and services; and (iv) the operation of cellular telephone networks (including the towers and electronic equipment attendant thereto).

3

10. Each Defendant has committed and continues to commit acts of patent infringement, directly and/or through agents and intermediaries, by shipping, distributing, importing, offering for sale, and/or selling certain infringing products, services, and systems in Texas and, particularly, the Eastern District of Texas. Specifically, each Defendant operates an infringing cellular telephone network in this District. Each Defendant has purposefully and voluntarily placed one or more of its infringing products and services into the stream of commerce with the expectation that they will be purchased by consumers in this District, which products and services have been, and continue to be, purchased by consumers in this District. And each Defendant provides support for their infringing products and services to their respective customers in the District. Lastly, at least Defendants Leap Wireless and ETEX have availed themselves of this forum by bringing and litigating lawsuits.

## BACKGROUND

11. On August 31, 1999, U.S. Patent No. 5,946,611 ("the '611 patent") was issued for a "Cellular Telephone System That Uses Position of a Mobile Unit to Make Call Management Decisions." A true and correct copy of the '611 patent is attached hereto as Exhibit "A" and made a part hereof. On January 25, 2005, United States Patent No. 6,847,822 ("the '822 patent") was issued for a "Cellular Telephone System That Uses Position of a Mobile Unit to Make Call Management Decisions." A true and correct copy of the '822 patent is attached hereto as Exhibit "B" and made a part hereof. On October 30, 2007, United States Patent No. 7,289,763 ("the '763 patent") was issued for a "Cellular Telephone System That Uses Position of a Mobile Unit to Make Call Management Decisions." A true and correct copy of the '763 patent is attached hereto as Exhibit "C" and made a part hereof. The '611, '822, and '763 patents are collectively referred to as the "Dennison patents."

12. Plaintiff Emsat is the assignee of the Dennison patents and owns all rights, title, and interest in and to the Dennison patents. Plaintiff LBS is the exclusive licensee of the Dennison patents and possesses all rights of recovery under the Dennison patents, including the right to prosecute this action and to collect damages for all relevant times.

13. The Dennison patents relate to systems and methods for combining certain features of cellular, or "wireless," telephone systems with location-finding technology to create location-aware networks that can determine the exact geographic locations of telephones and, in turn, use that information to improve network operations. In particular, the Dennison patents allow for increased accuracy in determining the location of a mobile phone for the purpose of transmitting location information to nearby emergency call centers, known as "Public Safety Answering Points" ("PSAPs").

14. In 1996, the Federal Communications Commission ("FCC") established the Enhanced 911 ("E911") program. Under "Phase 2" of the E911 program, all cellular telephone service providers in the United States must be capable of providing the location of cellular telephones to PSAPs with a specified accuracy for a specified percentage of wireless calls.

15. The methods and systems involved in deploying a mobile E911 system, as described above, are substantially similar to those required to deploy so-called "commercial" location-based services to cell phone subscribers. In fact, commentators have asserted that the FCC-required development of mobile E911 systems allowed the wireless carriers, such as Defendants, to develop and deploy commercial location-based services. These location-based services permit the cell phone user to use his or her cell phone as a navigation device, to locate nearby products and services, and to find friends, among other things. The Defendants often charge their customers a fee for providing such services.

16. Upon information and belief, Defendants, directly or through intermediaries, make, have made, use, sell, and/or offer for sale the above-described location-based services and systems for cellular telephones. These services and systems infringe the Dennison patents.

## COUNT I – INFRINGEMENT OF THE '611 PATENT

17. Plaintiffs incorporate each of the allegations in paragraphs 1 though 16 as if fully set forth herein.

18. Upon information and belief, Defendants have infringed and are continuing to infringe, contribute to the infringement of, and/or induce the infringement of, one or more of the claims of the '611 patent (namely, claims 1-5) without Plaintiffs' consent or authorization. Such acts of infringement include Defendants' offer for sale, sale, use, and/or inducement of the use, offer for sale, and sale of mobile E911 services.

19. Plaintiffs have been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Plaintiffs in an amount that adequately compensates them for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II – INFRINGEMENT OF THE '822 PATENT

20. Plaintiffs incorporate each of the allegations in paragraphs 1 though 16 as if fully set forth herein.

21. Upon information and belief, Defendants have infringed and are continuing to infringe, contribute to the infringement of, and/or induce the infringement of, one or more of the claims of the '822 patent (including, at least, claims 24 and 31) without Plaintiffs' consent or authorization. Such acts of infringement include Defendants' offer for sale, sale, use, and/or inducement of the use, offer for sale, and sale of mobile E911 services and, at least with respect

to Defendants MetroPCS, Centennial, and ETEX, their offer for sale, sale, use, and/or inducement of the use, offer for sale, and sale of commercial location-based services.

22. Plaintiffs have been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Plaintiffs in an amount that adequately compensates them for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III – INFRINGEMENT OF THE '763 PATENT

23. Plaintiffs incorporate each of the allegations in paragraphs 1 though 16 as if fully set forth herein.

24. Upon information and belief, Defendants have infringed and are continuing to infringe, contribute to the infringement of, and/or induce the infringement of, one or more of the claims of the '763 patent (including, at least, claims 1 and 23-32) without Plaintiffs' consent or authorization. Such acts of infringement include Defendants' offer for sale, sale, use, and/or inducement of the use, offer for sale, and sale of mobile E911 services and, at least with respect to Defendants MetroPCS, Centennial, and ETEX, their offer for sale, sale, use, and/or inducement of the use, offer for sale, and sale of commercial location-based services.

25. Plaintiffs have been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Plaintiffs in an amount that adequately compensates them for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## NOTICE OF PUBLISHED PATENT APPLICATION

26. Plaintiffs incorporate each of the allegations in paragraphs 1 though 16 as if fully set forth herein.

27. U.S. patent Application Pub. No. US 2008/0014965 A1 ("the '965 Publication") to Dennison, et al., entitled "Cellular Telephone System That Uses Position of a Mobile Unit to Make Call Management Decisions," was published on January 17, 2008.

28. Upon information and belief, Defendants have infringed and continue to infringe, contribute to the infringement of, and/or induce the infringement of, one or more claims of the '965 Publication without Plaintiffs' consent or authorization. Such acts of infringement include Defendants' offer for sale, sale, use, and/or inducement of the use, offer for sale, and sale of mobile E911 services and, at least with respect to Defendants MetroPCS, Centennial, and ETEX, their offer for sale, sale, use, and/or inducement of the use, offer for sale, and sale of commercial location-based services.

29. Defendants are hereby provided actual notice of the '965 Publication and Plaintiffs' provisional rights to a reasonable royalty from Defendants for the period of infringement beginning on the date of publication of the application for such patent and ending on the date the patent issues.

30. Once the '965 Publication issues as a patent, Plaintiffs will amend their pleadings to allege infringement of such patent and seek damages adequate to compensate them for the ongoing infringements and a reasonable royalty for the period of infringement prior to when such patent issued.

## JURY DEMAND

31. Plaintiffs hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

32. Plaintiffs request that the Court find in their favor and against Defendants, and that the Court grant Plaintiffs the following relief:

a. Judgment that one or more claims of United States Patent No. 5,946,611, United States Patent No. 6,847,822, and/or United States Patent No. 7,289,763 have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringements have been induced by Defendants;

b. Judgment that Defendants account for and pay to Plaintiffs all damages to and costs incurred by them because of Defendants' infringing activities and other conduct complained of herein;

c. That Plaintiffs be granted pre-judgment and post judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

d. That this Court declare this an exceptional case and award Plaintiffs their reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e. That Plaintiffs be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:   October 7, 2008.**                     Respectfully submitted,

*/s/ Johnny Ward*
Texas State Bar No. 00797142
Attorney-in-Charge
Brent N. Bumgardner
Texas State Bar No. 00795272
Barry J. Bumgardner
Texas State Bar No. 00793424
NELSON BUMGARDNER CASTO, P.C.
5601 Bridge Street, Suite 300
Fort Worth, Texas 76112
(817) 377-9111
(817) 377-3485 (fax)
enelson@nbclaw.net
bbumgardner@nbclaw.net

        T. John Ward, Jr.
        Texas State Bar No. 00794818
        WARD & SMITH LAW FIRM
        111 W. Tyler Street
        Longview, Texas  75601
        (903) 757-6400
        (903) 757-2323 (fax)
        jw@jwfirm.com

        **ATTORNEYS FOR PLAINTIFFS**