# Exhibit 28

AIPLA QUARTERLY JOURNAL

Volume 37, Number 3 Page 285 Summer 2009

# THE UNREASONABLENESS OF THE PATENT OFFICE'S "BROADEST REASONABLE INTERPRETATION" STANDARD*

*Dawn-Marie Bey** & Christopher A. Cotropia****

I. INTRODUCTION ....................287
II. DESCRIPTION OF THE "BROADEST REASONABLE INTERPRETATION" STANDARD ....................288
A. *Operation of the BRI Standard* ....................288
B. *Articulated Rationales Behind the BRI Standard* ....................291
1. Reduces the Likelihood that an Issued Claim is Subsequently Interpreted More Broadly ....................291
2. Claims can be Amended During Prosecution ....................292
3. No Presumption of Validity Exists During Prosecution ....................293
III. PROBLEMS WITH THE BRI STANDARD ....................293
A. *The BRI Standard Is Inconsistent with the Patent Statutes* ....................294
B. *The BRI Standard Is Contrary to the Unitary Appellate Structure of the Patent System* ....................298
C. *The BRI Standard Allows Examiners and the Federal Circuit to Skirt Tough Claim Interpretation Issues* ....................300
D. *The BRI Standard Results in Improper Denial of Patent Protection* .302
E. *The BRI Standard Forces Costly Amending of Patent Claims* ..........306
F. *The BRI Standard Is Fatally Ambiguous* ....................309
IV. RECENT CASES EXEMPLIFYING THE PROBLEMS WITH THE BRI STANDARD...310

* © 2009 Dawn-Marie Bey & Christopher A. Cotropia.

** Partner, King & Spalding LLP.

*** Professor of Law, Intellectual Property Institute, University of Richmond School of Law. The authors were members of an American Bar Association (ABA) Section of Intellectual Property Law subcommittee that produced a report recommending that the BRI standard be abandoned. *See Determining Patentability of a Claim in a Patent Application*, 2008 A.B.A. SEC. OF INTELL. PROP. L. REP. 108-3, *available at* http://www.abanet.org/intelprop/annual2008/business-session/108-3.pdf. However, the opinions set forth in this article are those of the individual authors and not their employers, clients, or other organizations, such as the ABA, for whom they have worked for or with.

Electronic copy available at: http://ssrn.com/abstract=1434918

A. *In re* Trans Texas Holdings Corp. – *Lack of a Singular Definition of Invention and the Introduction of Horizontal Inequity* .......... 310
B. In re Graves – *Improper Denial of Patent Protection* .......... 312
C. In re Buszard – *Ambiguity in the BRI Standard* .......... 316
V. CONCLUSION .......... 319

LIST OF FIGURES

1. Figure 1. Claim Scope under Different Interpretation Methodologies .......... 303

Electronic copy available at: http://ssrn.com/abstract=1434918

## I. INTRODUCTION

A patent's claims define the invention.[1] The United States Patent and Trademark Office (USPTO) examines the invention to determine its patentability, and if the Office issues a patent on the invention, the same claims may be scrutinized in a district court to determine whether the patent is enforceable and valid.[2] The process of interpreting claims, not surprisingly, plays a critical role in both examination by the USPTO and litigation in the courts. A claim's meaning must be known in order to determine whether the claimed invention is novel and non-obvious, or whether someone else is practicing the invention. Accordingly, the way in which claims are interpreted—the methodology that is employed—is a constant focus of the judiciary, scholars, and attorneys. In fact, some commentators identify the difficulty in determining a claim's meaning as one of the primary reasons the patent system is broken.[3]

Interestingly, although there has been much commentary on claim interpretation methodology in general, no one has fully explored the propriety of the unique claim interpretation doctrine that the USPTO employs to interpret every claim in every patent application.[4] The courts instruct the USPTO to give every applied-for claim its "broadest reasonable interpretation" (BRI) during patent examination.[5] Everyone seems to have accepted this dichotomy—that a

---

1 *See* 35 U.S.C. § 112 (2006) ("The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."); White v. Dunbar, 119 U.S. 47, 52 (1886) ("The claim is a statutory requirement, prescribed for the very purpose of making the patentee define precisely what his invention is . . . .").

2 *See* 35 U.S.C. §§ 131, 281-282 (2006).

3 *See, e.g.*, JAMES BESSEN & MICHAEL J. MEURER, PATENT FAILURE 8-11 (2008).

4 While not directly discussing the validity of the USPTO's use of the broadest reasonable interpretation standard in interpreting patent claims, Michael Risch has explored whether the USPTO's current claim construction methodology helps or hinders the public notice function of patent claims. *See* Michael Risch, *The Failure of Public Notice in Patent Prosecution*, 21 HARV. J.L. & TECH. 179, 192-200 (2007) (concluding that the standard employed inhibits public notice of claim scope); *see also* Joel Miller, *Claim Construction at the PTO - The "Broadest Reasonable Interpretation . . . "*, 88 J. PAT. & TRADEMARK OFF. SOC'Y 279 (2006) (describing the broadest reasonable interpretation standard).

5 *In re* Morris, 127 F.3d 1048, 1054, 44 U.S.P.Q.2d (BNA) 1023, 1027 (Fed. Cir. 1997).

different claim interpretation methodology should be used in examination than that which is used in enforcement actions.[6]

Nevertheless, interpreting a claim's meaning differently—depending on the venue in which the interpretation takes place—requires some justification. Given that the BRI standard plays a role in every applied-for patent, the propriety of the BRI standard needs to be explored. An examination of the BRI standard has become even more important given the standard's foundational role in a recent precedential opinion of the Board of Patent Appeals and Interferences (Board).[7]

This article does what is long overdue: it fully explores the validity of the BRI standard. The previously articulated rationales behind the BRI standard are severely lacking. Not only does the BRI standard fail to provide the advantages touted by the courts that created the standard, the standard is contrary to both the patent statutes and the concept of a unitary patent system. It allows examiners to avoid difficult claim interpretation issues; it leads to improper and uncorrectable denials of patent protection; and it is incurably ambiguous. Given that the BRI standard is severely lacking, the courts and the USPTO should abandon it and utilize a single, consistent claim interpretation methodology throughout the patent system.

This Article proceeds in three parts. Part II describes the BRI standard and the traditional justifications for the standard. Part III details objections to the standard, and discusses why the commonly offered justifications do not hold up under critical analysis. Finally, Part IV uses three recent Federal Circuit cases employing the BRI standard as examples of what is wrong with the BRI standard.

## II. DESCRIPTION OF THE "BROADEST REASONABLE INTERPRETATION" STANDARD

### A. *Operation of the BRI Standard*

During the examination process at the USPTO, the Office gives pending claims their BRI pursuant to "decades old case law."[8] The Federal Circuit, its

---

6 *See infra* Part II and accompanying notes.

7 *See ex parte* Miyazaki, 89 U.S.P.Q.2d (BNA) 1207, 1211 (B.P.A.I. 2008).

8 *Morris*, 127 F.3d at 1054, 44 U.S.P.Q.2d (BNA) at 1027. The USPTO also applies the BRI standard in reexamination proceedings, *In re* Swanson, 540

predecessor court—the Court of Customs and Patent Appeals (CCPA)—and the USPTO have all consistently applied the BRI standard to the interpretation of patent claims during prosecution.[9] The use and unique application of the BRI standard by the USPTO is well established, as articulated by the CCPA in the 1953 case, *In re Kebrich*:

> Whatever may be the practice of the courts in the interpretation of claims in infringement proceedings in order to sustain patents once granted, it is very definitely settled by a line of consistent decisions rendered during a long period of time that in the initial consideration of the question of patentability neither the tribunals of the Patent Office nor the courts in reviewing their action may properly read unexpressed limitations into claims, and it is equally as well settled that, so limited, the tribunals and the reviewing courts in the initial consideration of patentability will give claims the broadest interpretation which, within reason, may be applied.[10]

The Federal Circuit has recently approved the use of the BRI standard in *Phillips v. AWH Corp.*, an en banc decision addressing claim interpretation.[11] The specifics of the standard, as explained by the Federal Circuit in *In re Morris*, are as follows:

> [A]s an initial matter, the [US]PTO applies to the verbiage of the proposed claims the broadest reasonable meaning of the words in their ordinary usage as they would be understood by one of

F.3d 1368, 1377-78, 88 U.S.P.Q.2d (BNA) 1196, 1203 (Fed. Cir. 2008), as well as in reissue proceedings, *In re* Reuter, 670 F.2d 1015, 1019, 210 U.S.P.Q. (BNA) 249, 253 (C.C.P.A. 1981).

9 *See, e.g.*, Burlington Indus., Inc. v. Quigg, 822 F.2d 1581, 1583, 3 U.S.P.Q.2d (BNA) 1436, 1438 (Fed. Cir. 1987); *In re* Sweet, 393 F.2d 837, 841-42, 157 U.S.P.Q. (BNA) 495, 499 (C.C.P.A. 1968); *In re* Tibbals, 316 F.2d 955, 958, 137 U.S.P.Q. (BNA) 565, 567 (C.C.P.A. 1963); *In re* Kebrich, 201 F.2d 951, 954, 96 U.S.P.Q. (BNA) 411, 414 (C.C.P.A. 1953) (articulating the broadest reasonable interpretation standard).

10 201 F.2d at 954, 96 U.S.P.Q. (BNA) at 414.

11 415 F.3d 1303, 1316, 75 U.S.P.Q.2d (BNA) 1321, 1329 (Fed. Cir. 2005) (en banc). The Federal Circuit has rejected the argument that decisions such as *Markman v. Westview Instruments* have overruled the standard. *Morris*, 127 F.3d at 1053-54, 44 U.S.P.Q.2d (BNA) at 1027-28.

> ordinary skill in the art, taking into account whatever enlightenment by way of definitions or otherwise that may be afforded by the written description contained in the applicant's specification.[12]

The BRI standard is commonly accompanied by the additional qualifier "consistent with the specification" or similar verbiage.[13] The Federal Circuit explains this qualifier as a further explanation of a "reasonable" interpretation—one that does not "ignore any interpretative guidance afforded by the applicant's written description."[14]

The BRI standard creates a different and unique interpretation methodology for the USPTO compared to the methodology used by district courts to interpret issued claims (the post-grant methodology).[15] The Federal Circuit has held it to be reversible error for the USPTO to apply the post-grant methodology.[16] The USPTO must use the BRI standard.[17]

Additionally, the Federal Circuit applies a different standard of appellate review to USPTO interpretations of pending claims than it does to district court interpretations of issued claims. Since its decision in *Cybor Corp. v. FAS Technologies, Inc.*, the Federal Circuit has upheld the *de novo* standard of review for district court interpretations of issued claims.[18] In contrast, the Federal Circuit reviews claim interpretations by the USPTO under a "reasonableness" standard, which is consistent with the BRI standard applied in the USPTO

---

12 127 F.3d at 1054, 44 U.S.P.Q.2d (BNA) at 1027.

13 *See id.*

14 *See id.*

15 *Id.* at 1054, 44 U.S.P.Q.2d (BNA) at 1027-28.

16 *In re* Zletz, 893 F.2d 319, 321-22, 13 U.S.P.Q.2d (BNA) 1320, 1321-22 (Fed. Cir. 1989). Although the Federal Circuit, in *In re Zletz*, found that the Board had committed a serious error by applying the wrong interpretation standard and took the time to reprimand the Board and explain this error, *id.*, the court ultimately affirmed the board's decision because the error was deemed irrelevant to the outcome due to collateral estoppel. *Id.* at 324, 13 U.S.P.Q.2d (BNA) at 1324.

17 *Id.* at 321-22, 13 U.S.P.Q.2d (BNA) at 1321-22.

18 *See* 138 F.3d 1448, 1454, 46 U.S.P.Q.2d (BNA) 1169, 1172 (Fed. Cir. 1998) (en banc).

setting.[19] Under this "reasonableness" standard of review, the Federal Circuit gives the USPTO's interpretations under the BRI standard deference.[20] In contrast, it gives district court interpretations of issued claims none.[21]

### B. *Articulated Rationales Behind the BRI Standard*

#### 1. Reduces the Likelihood that an Issued Claim is Subsequently Interpreted More Broadly

The major justification for the BRI standard is that "[g]iving claims their broadest reasonable construction 'serves the public interest by reducing the possibility that claims, finally allowed, will be given broader scope than is justified.'"[22] Using the BRI standard during prosecution allows the patent system to "hedge its bets." In other words, the BRI standard allows the USPTO to consider the full range of reasonable claim interpretations that a claim could be given. Then, once a patent issues, the public may assume that the USPTO's review for patentability encompassed any reasonable interpretation of the claim(s) done either by a district court or by another patent observer.[23]

The standard allegedly helps the USPTO avoid erroneously blessing a claim as patentable when a district court may construe the same claim more broadly than the USPTO had considered, with the resulting increase in scope capturing prior art or an obvious variation of the prior art.[24] Thus, the BRI standard helps avoid a Type I error—an incorrect finding by the USPTO that the

---

19 *Morris*, 127 F.3d at 1055, 44 U.S.P.Q.2d (BNA) at 1028-29.

20 *See id.*

21 *See Cybor*, 138 F.3d at 1454, 46 U.S.P.Q.2d (BNA) at 1172. This lack of deference for district court interpretations is a point of contention. *See, e.g.*, Phillips v. AWH Corp., 415 F.3d 1303, 1330-31, 75 U.S.P.Q.2d (BNA) 1321, 1339 (Fed. Cir. 2005) (Mayer, J., dissenting) ("Now more than ever I am convinced of the futility, indeed the absurdity, of this court's persistence in adhering to the falsehood that claim construction is a matter of law devoid of any factual component.").

22 *In re* Am. Acad. of Sci. Tech Ctr., 367 F.3d 1359, 1364, 70 U.S.P.Q.2d (BNA) 1827, 1830 (Fed. Cir. 2004) (quoting *In re* Yamamoto, 740 F.2d 1569, 1571, 222 U.S.P.Q. (BNA) 934, 936 (Fed. Cir. 1984)); *see also In re* Prater, 415 F.2d 1393, 1404-05, 162 U.S.P.Q. (BNA) 541, 550 (C.C.P.A. 1969).

23 *See Am. Acad.*, 367 F.3d at 1364, 70 U.S.P.Q.2d (BNA) at 1830.

24 *See Yamamoto*, 740 F.2d at 1571-72, 222 U.S.P.Q. (BNA) at 936.